UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDREW J. GONZALEZ | § | |
| Plaintiff, | § § § § § | |
| v. | § § § | Case No: 4:13-CV-50-A |
| MIDLAND FUNDING, LLC and MIDLAND CREDIT MANAGEMENT, INC. | § § § § § | |
| Defendants. | § | |

**DEFENDANTS' BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................ 1

III. STANDARDS FOR DISMISSAL ................................................................................ 3

IV. ARGUMENT .................................................................................................................. 4

    A. Plaintiff fails to state any viable FCRA claims. ..................................................... 4

        1. The facts plead by Plaintiff do not give rise to § 1681b claims against Defendants ........................................................................................................ 4

        2. Plaintiff fails to plead facts necessary to support a violation of 1681s-2(b) as set forth in Counts III and IV of his Complaint. ............................................ 5

    B. Plaintiff fails to plead facts sufficient to state a claim under the FDCPA ............. 8

        1. Plaintiff fails to allege facts to support a claim for a violations of §§ 1692e and 1692f. ................................................................................................. 8

        2. Plaintiff fails to allege facts to support a claim for a violation of §1692g ............. 10

V. CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) .................................................................................................. 3, 4

*Ashton v. Sallie Mae, Inc.*,
   2010 WL 850984, (N.D.Tex. March 10, 2010) ............................................................. 7

*Barrett v. HSBC Bank USA, N.A.*,
   2012 WL 5471491 (N.D. Tex. Nov. 9, 2012) ................................................................ 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................... 3

*Campbell v. Wells Fargo Bank, N.A.*,
   781 F.2d 440 (5th Cir. 1982), *cert denied*, 476 U.S. 1159 (1986) ................................. 3

*Chiang v. Verizon New England Inc.*,
   595 F.3d 26 (1st Cir. 2010) ............................................................................................ 5

*Conley v. Gibson*,
   355 U.S. 41 (1957) ......................................................................................................... 3

*Finegan v. Chase Home Finance, LLC*,
   2012 WL 444046 (S.D. Tex. February 10, 2012) ...................................................... 5, 7

*Goldin, Peiser & Peiser, L.L.P. v. Delta Brands, Inc.*,
   No. 3:02-CV-0127-M, 2002 WL 550450 (N.D. Tex. Apr. 11, 2002) ............................ 3

*Huertas v. Galaxy Asset Mgmt.*,
   641 F.3d 28 (3d Cir. 2011) ............................................................................................. 4

*Iyigun v. Cavalry Portfolio Services, LLC*,
   2013 WL 93114 (C.D. Cal., January 8, 2013) .............................................................. 8

*Kennedy v. Victoria's Secret Stores, Inc.*,
   2004 WL 2186613 (E.D. La. 2004) ............................................................................... 4

*Lane v. Fein, Such and Crane, LLP*,
   767 F.Supp.2d 382 (E.D.N.Y. 2011) ............................................................................ 11

*McClenning v. NCO Financial Systems, Inc.*,
   Cause No. CV 12-08040, (C.D. Cal.) February 4, 2013 .......................................................... 4

*Myers v. Stoneleigh Recovery Associates*,
   2012 WL 1356752 (E.D. Cal. April 18, 2012) .................................................................... 9

*Norman v. Northland Group Inc.*,
   2012 WL 5195965 (5th Cir. October 22, 2012) .................................................................. 4

*Pyle v. First National Collection Bureau*,
   2012 WL 5464357 (E.D. Cal. November 8, 2012) .............................................................. 4

*Scheuer v. Rhodes*,
   416 U.S. 232 (1974) .......................................................................................................... 3

*Smith v. Nat'l City Mortg.*,
   2010 WL 3338537 (W.D. Tex. August 23, 2010) ............................................................... 7

*Thomas v. United States Bank, N.A.*,
   325 Fed. Appx. 592 (9th Cir. 2009) ................................................................................... 4

*Thompson v. S&S Recovery, Inc.*,
   2013 WL 319282 (S.D. Miss. January 28, 2013) ............................................................. 10

*Trinh v. Weltman, Weinberg & Reis Co.*,
   2012 WL 5824799 (N. Dist. Indiana, November 14, 2012) ............................................... 4

*Young v. Equifax Credit Info. Servs., Inc.*,
   294 F.3d 631 (5th Cir.2002) ........................................................................................... 5, 7

**Statutes**

Fair Debt Collection Practices Act (the "FDCPA") 15 U.S.C. § 1692 ................... 1, 5, 8, 9, 10, 11

Fair Credit Reporting (the "FCRA") 15 U.S.C. § 1681 .................................................. 1, 4, 5, 6, 7

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 1, 3

5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
   FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004) ......................................... 3

Defendants Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") (collectively "Defendants"), submit this Brief in Support of Their Motion to Dismiss Plaintiff's Complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.   INTRODUCTION

Plaintiff filed this suit alleging that Defendants committed a laundry list of violations under both the Fair Debt Collection Practices Act (the "FDCPA") 15 U.S.C. § 1692 et. seq. and the Fair Credit Reporting (the "FCRA") 15 U.S.C. § 1681 et. seq.[1] Although Plaintiff's Complaint alleges a myriad of violations, his complaint is devoid of any facts that would support any recovery. Accordingly, Plaintiff's Complaint should be dismissed.

## II.   FACTUAL BACKGROUND

On January 23, 2013, Plaintiff Andrew J. Gonzalez ("Plaintiff") filed this suit against Defendants. The Complaint, which is somewhat rambling, disjointed and contains virtually nothing but conclusions, alleges that in February 2012, "Plaintiff obtained his consumer credit reports from all three major consumer reporting agencies," and that "Plaintiff noticed that Defendants MCM and Midland had placed derogatory and inaccurate information" on them "regarding an alleged account they were attempting to collect."[2] The Complaint does not describe the supposedly "derogatory and inaccurate information" nor does it identify the account whose reporting was supposedly inaccurate. Moreover, Plaintiff provides no specifics regarding what information allegedly appeared on his credit reports and did not attach any portion of the alleged offending credit report to his Complaint. The Complaint further alleges that in March and May of 2012, Plaintiff sent letters demanding the validation of the alleged debt or cease and

---

[1] See Docket No. 1.
[2] See Docket No. 1, ¶¶ 15-16.
438174.2
**Defendants' Brief In Support of**
**Motion to Dismiss Plaintiff's Complaint**

1

desist from further collection activity.[3]  Plaintiff describes Defendants' collection attempts as Defendants' "disclosure of inaccurate information to consumer reporting agencies."[4]  Plaintiff alleges Defendants did not respond to either his March or May 2012 letter.[5]

The Complaint further alleges that Plaintiff sent MCM a letter on July 26, 2012 "requesting proof that permission was given to pull [sic] TransUnion consumer credit report," and that on or around August 18, 2012, MCM responded.[6]  Other than stating that MCM identified itself as a debt collector in the letter it sent Plaintiff, and that "MCM did not provide any lawful proof that permission was given to obtain Plaintiff's Transunion consumer reports...," Plaintiff does not describe the contents of the MCM letter in his Complaint.[7]

Plaintiff further alleges in his Complaint that he sent dispute letters to Experian, TransUnion and Equifax "regarding the account being alleged by MCM and Midland."[8]  Plaintiff provides no information as to the contents of his dispute letter, and further fails to provide any description of his "dispute."  Plaintiff contends that after sending the dispute letters to Experian, TransUnion and Equifax, that Defendants continued "to report the derogatory and erroneous information;"[9] however, again Plaintiff provides no description of the information being reported including how the information is "derogatory" or "erroneous."  Plaintiff also alleges in his Complaint that "[t]he only reason that the Defendants Midland and MCM have communicated the erroneous and derogatory information regarding the alleged account after March 2012 to TransUnion, Experian, and Equifax consumer reports was to attempt to collect on alleged

---

[3] See Docket No. 1, ¶¶ 17-22.
[4] See Docket No. 1, ¶ 20.
[5] See Docket No. 1, ¶¶ 19 & 22.
[6] See Docket No. 1, ¶¶ 24-25.
[7] See Docket No. 1, ¶¶ 25-26.
[8] See Docket No. 1, ¶¶ 28, 30, and 33.
[9] See Docket No. 1, ¶¶ 29, 31, and 34.
438174.2

**Defendants' Brief In Support of**
<u>**Motion to Dismiss Plaintiff's Complaint**</u>

2

debt."[10]  Plaintiff then asserts that Midland Funding "did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report."[11]

### III. STANDARDS FOR DISMISSAL

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief, and not to determine the facts or merits of the case.[12] In ruling on a motion to dismiss, courts must take the plaintiff's allegations as true, view them in the light most favorable to the plaintiff, and draw all inferences in the plaintiff's favor.[13]

The Supreme Court of the United States recently reiterated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . "[14] A Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level", and a court should dismiss the case of any plaintiff who cannot elevate his claim from merely "conceivable" to "plausible."[15] Furthermore, this "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely inconsistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."[16] The United States Supreme Court in *Iqbal* further held that "threadbare recitals of a cause of action's

---

[10] *See* Docket No. 1, ¶ 35.
[11] *See* Docket No. 1, ¶ 36.
[12] *See Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1982), *cert denied*, 476 U.S. 1159 (1986); *Goldin, Peiser & Peiser, L.L.P. v. Delta Brands, Inc.*, No. 3:02-CV-0127-M, 2002 WL 550450, at *1 (N.D. Tex. Apr. 11, 2002) ; 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).
[13] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
[14] *Twombly*, 550 U.S. at 545 (internal citation omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[15] *Id.* at 545, 547.
[16] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).
438174.2

**Defendants' Brief In Support of**
**Motion to Dismiss Plaintiff's Complaint**

3

elements supported by conclusory statements" are insufficient to overcome a motion to dismiss.[17]

## IV. ARGUMENT

### A. Plaintiff fails to state any viable FCRA claims.

#### 1. The facts plead by Plaintiff do not give rise to § 1681b claims against Defendants.

Section 1681b of the FCRA, which sets forth the permissible purposes for furnishing consumer reports, authorizes the issuance of a consumer report "to a person that a consumer reporting agency has reason to believe 'intends to use the information in connection with a credit transaction involving the consumer on who the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer....*'"[18] Accordingly, where a debt collector "obtains a consumer credit report for the purposes of collecting on an account, the utilization of the consumer credit report falls under a permissible purpose use, which is authorized under the FCRA," and furthermore, "[a] debt collector cannot be subject to liability under the FCRA on this basis alone."[19]

In Counts V through IX of Plaintiff's Complaint, Plaintiff seeks statutory damages from Defendants for their alleged violations of § 1681b of the FCRA.[20] Specifically, Plaintiff alleges

---

[17] *Id.* at 1950.
[18] *Kennedy v. Victoria's Secret Stores, Inc.*, 2004 WL 2186613 *3(E.D. La. 2004) *citing* 15 U.S.C. § 1681b(a)(3)(A) (emphasis added).
[19] *Trinh v. Weltman, Weinberg & Reis Co.*, 2012 WL 5824799 *2-3 (N. Dist. Indiana, November 14, 2012); *see also Thomas v. United States Bank, N.A.*, 2009 WL 1385966 * 1; 325 Fed. Appx. 592, 592-93 (9th Cir. 2009); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *and Norman v. Northland Group Inc.*, 2012 WL 5195965 *2 (5th Cir. October 22, 2012) ("Norman's complaint and the attached exhibits show that Northland's credit report inquiry was for the permissible purpose of collection of an account under § 1681b(a)(3)(A)."); *and Pyle v. First National Collection Bureau*, 2012 WL 5464357 * 3-6 (E.D. Cal. November 8, 2012). *See also* APP 1-4, *McClenning v. NCO Financial Systems, Inc.*, Cause No. CV 12-08040, (C.D. Cal.) February 4, 2013, Civil Minutes-General, page 4.("Since a debt collector such as defendant generally may obtain a debtor's credit report for the purpose of conducting a review or engaging in collection efforts, to state a claim under the FCRA, plaintiff must allege facts giving rise to a plausible inference that defendants did not obtain the credit report for use in conducting a review or collecting debt.").
[20] *See* Docket No. 1, 13-15.

438174.2
**Defendants' Brief In Support of**
**Motion to Dismiss Plaintiff's Complaint**

4

that no permissible purpose exists for Defendants to pull his credit report.[21] Plaintiff, however, pleads that (1) liability of MCM applies equally to Midland Funding (and vice versa), and (2) Midland Funding "is an entity who at all relevant times was engaged, by use of the mails, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C § 1692a(5)."[22] Because Plaintiff's pleading makes clear that Defendants' were engaged in debt collection, the pulls were permissible under FCRA.[23]

### 2. Plaintiff fails to plead facts necessary to support a violation of § 1681s-2(b) as set forth in Counts III and IV of his Complaint.

Although § 1681s-2(a) of the FCRA prohibits furnishers like Defendants from "[r]eporting information with actual knowledge of errors" and from "[r]eporting information after notice and confirmation of errors," there is no private right of action for violations of § 1681s-2(a) of the FCRA.[24] Pursuant to § 1681s-2(b), liability for furnishers of information, like Defendants, is limited to instances where the furnisher of information is on notice from a credit reporting agency ("CRA") that the consumer disputes the reported information.[25] The obligations of furnishers of information under § 1681s-2(b) are as follows:

> (1) In general
>
> After receiving notice pursuant to Section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> (A) conduct an investigation with respect to the disputed information;

---

[21] *Id.*
[22] *See* Docket No. 1, ¶ 13.
[23] *See also* Docket No. 1, ¶ 35 where Plaintiff states "[t]he only reason that the Defendants Midland and MCM have communicated the erroneous and derogatory information regarding the alleged account after March of 2012 to TransUnion, Experian, and Equifax consumer reports was to attempt to collect on alleged debt."
[24] 15 U.S.C. § 1681s-2(a) *and see Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir.2002); *Finegan v. Chase Home Finance, LLC*, 2012 WL 444046 *3 (S.D. Tex. February 10, 2012) ("There is no private cause of action under 15 U.S.C. § 1681s–2(a), which concerns the duty of furnishers of information to provide accurate information.").
[25] *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010) and *see Young* at 639-40.
438174.2

**Defendants' Brief In Support of**
**Motion to Dismiss Plaintiff's Complaint**

5

**(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

**(C)** report the results of the investigation to the consumer reporting agency;

**(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

**(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

**(i)** modify that item of information;

**(ii)** delete that item of information; or

**(iii)** permanently block the reporting of that item of information.

(2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.[26]

As shown above, the FCRA provides that before liability can be imposed against a furnisher, the furnisher must receive "notice pursuant to § 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by [the furnisher] to a consumer reporting agency."[27] Section 1681i(a)(2) requires that a CRA notify the furnisher of a

---

[26] 15 U.S.C. § 1681s-2(b).
[27] 15 U.S.C. § 1681s-2(b)(1).
438174.2
**Defendants' Brief In Support of**
**Motion to Dismiss Plaintiff's Complaint**

6

consumer's dispute within five days.[28]  Thus, notice from a CRA pursuant to § 1681i(a)(2) is an essential element in any claim under §1681s-2(b).[29]  To put it another way, it is the notice from the CRA that triggers the furnishers duties under §1681s-2(b).

Plaintiff fails to assert that the CRAs ever notified Defendants of his dispute.  Absent the existence of a dispute notification to Defendants by the CRAs pursuant to § 1681i(a)(2), Plaintiff cannot maintain a FCRA claim against Defendants under the facts alleged.  In addition, while Plaintiff also alleges that Defendants violated § 1681s-2(b) by not reporting to the credit bureaus that the debt was disputed,[30] such allegations by Plaintiff do not support a claim for a violation of § 1681s-2(b), but rather are allegations of violations of § 1681s-2(a).[31]  As previously set forth, no private right of action, however, exists for alleged violations of § 1681s-2(a); therefore, Plaintiff's additional allegations which he attempts to cloak as allegations of violations of § 1681s-2(b) fail as a matter of law.  Accordingly, because Plaintiff fails to plead a claim upon which relief may be granted, Plaintiff's 15 U.S.C. § 1681s-2(b) claims should also be dismissed.[32]

Furthermore, the Complaint contains only conclusory allegations as to the "dispute

---

[28] 15 U.S.C. §1681i(a)(2) ("Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer . . . in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute . . . . . The notice shall include all relevant information regarding the dispute that the agency has received from the consumer . . .").
[29] See *Smith v. Nat'l City Mortg.*, 2010 WL 3338537, at *15 (W.D. Tex. August 23, 2010) ("Thus, in order to maintain a private right of action against the Defendants under § 1681s-2(b), Plaintiffs must demonstrate that: (1) they notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendants of the dispute; (3) the Defendants failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation."); *see also Finegan* at * 4; *and Ashton v. Sallie Mae, Inc.*, 2010 WL 850984, at *2 (N.D.Tex. March 10, 2010) ("[Plaintiff] does not allege in his complaint that a consumer reporting agency notified Sallie Mae pursuant to 1681i(a)(2). He has therefore failed to state a claim for relief under § 1681s–2(b).") See also *Young* at 639-40.
[30] See ¶ 54 and 62 of the Complaint.
[31] See 15 U.S.C. 1681s-2(a)(3).
[32] See *Finegan* at * 4; *and Ashton* at *2.
438174.2
**Defendants' Brief In Support of**
**Motion to Dismiss Plaintiff's Complaint**

7

...

letters" he sent to the CRAs.[33] Plaintiff does not identify in his Complaint how the account is supposedly being reported inaccurately, and he fails to state any facts concerning the contents of his letters to the CRAs where he alleges he disputed the reporting by Defendants. Plaintiff's Complaint is void of details of the supposed inaccurate reporting.[34] The scant facts offered in the Complaint are insufficient to enable Defendants to determine how it is supposedly incorrectly reporting Plaintiff's account.[35] For this additional reason, Plaintiff's FCRA causes of action should be dismissed.

### B. Plaintiff fails to plead facts sufficient to state a claim under the FDCPA.

Although Plaintiff identifies various sections of the FDCPA that he claims Defendants violated, he fails to set forth any facts to satisfy the elements of those claims. Specifically, Plaintiff alleges that Defendants violated §§ 1692e(2), 1692e(10), and 1692f by "reporting derogatory and negative information on Plaintiff's Experian, Transunion and Equifax consumer reports without providing proper validation of the alleged debt,"[36] and Plaintiff further alleges that Defendants "blatantly violated 15 U.S.C. § 1692g in multiple ways by making a collection demand and not providing the disclosures required in 15 U.S.C. § 1692g(a)(1)(3)(4)(5)."[37] These conclusory statements are insufficient to allege a claim under the FDCPA.

#### 1. Plaintiff fails to allege facts to support a claim for a violations of §§ 1692e and 1692f.

Section 1692e prohibits debt collectors from using "false, deceptive, or misleading

---

[33] *See* Docket No. 1, ¶¶ 28, 30, and 33.
[34] *See Iyigun v. Cavalry Portfolio Services, LLC*, 2013 WL 93114 * 1 (C.D. Cal., January 8, 2013) ("The plain allegation that the 'the accounts do not belong to' Iyigun does not provide Cavalry with sufficient notice as to the claims against it because it does not sufficiently identify the inaccuracies of the alleged reporting.")
[35] *Iyigun* at * 1-2.
[36] *See* Docket No. 1, ¶¶ 43 and 47.
[37] *See* Docket No. 1, ¶¶ 44 and 48.
438174.2
**Defendants' Brief In Support of**
**Motion to Dismiss Plaintiff's Complaint**

8

representation or means in connection with the collection of any debt."[38] In addition, § 1692e(2), which Plaintiff alleges Defendants violated, states that a false representation of "the character, amount, or legal status of any debt" or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt" is a violation of § 1692e.[39] Further, § 1692e(10), which Plaintiff also alleges Defendants violated, states that "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is a violation of § 1692e.[40] Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."[41]

The only collection efforts Plaintiff alleges Defendants took were "reporting derogatory and negative information" on Plaintiff's credit reports; however, Plaintiff fails to describe any false, deceptive, misleading, unfair, or unconscionable efforts taken by Defendants. For instance, Plaintiff fails to describe what information Defendants reported to the CRAs, let alone how Defendants reporting was either "derogatory" or "negative." Furthermore, Plaintiff alleges no facts to support his claim that Defendants made any false representation of "the character, amount, or legal status of any debt" or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt," and Plaintiff alleges no facts to support his claim that Defendants used a false representation or deceptive means to collect or attempt to collect on a debt. Plaintiff's causes of action asserted pursuant to §§ 1692e and 1692f

---

[38] 15 U.S.C. § 1692e.
[39] Id.
[40] Id.
[41] 15 U.S.C. § 1692f.
438174.2
**Defendants' Brief In Support of**
**Motion to Dismiss Plaintiff's Complaint**

9

are wholly insufficient,[42] and therefore, should be dismissed.

### 2. Plaintiff fails to allege facts to support a claim for a violation of § 1692g.

Section 1692g(a) of the FDCPA mandates that a debt collector provide the consumer with a written notice setting forth the consumer's right to dispute the debt "[w]ithin five days after its initial communication with a consumer in connection with the collection of any debt," or "in the initial communication" itself.[43] Therefore, a collector need not send the § 1692g notice until five days after the collector has actually had the first communication directly with a consumer concerning a debt. Moreover, § 1692g(b) of the FDCPA provides that:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.[44]

Section 1692g(b) is only triggered after the initial communication by a debt collector, and moreover, only applies if a consumer notifies the debt collector that he is seeking validation within the 30-day period described in subsection (a).

In Plaintiff's Complaint, he never alleges that he timely disputed the debt. Thus, he has not adequately alleged a violation of section 1692g. Plaintiff also fails to adequately describe

---

[42] See Barrett v. HSBC Bank USA, N.A., 2012 WL 5471491 *3 (N.D. Tex. Nov. 9, 2012) (Dismissing FDCPA claims which were merely conclusory allegations."); Myers v. Stoneleigh Recovery Associates, 2012 WL 1356752 * 4 (E.D. Cal. April 18, 2012) ("Section 1692f provides that '[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt' and identifies a variety of conduct that would amount to a violation of that section. Here, plaintiff does not allege any facts in support of this claim, and therefore the claim must be dismissed with leave to amend.") (internal citation omitted); Thompson v. S&S Recovery, Inc., 2013 WL 319282 * 4 (S.D. Miss. January 28, 2013)(dismissing § 1692f claim because Plaintiff failed to allege any facts to support a finding of a violation of section.).
[43] 15 U.S.C. § 1692g(a).
[44] 15 U.S.C. § 1692(g)(b).
438174.2
**Defendants' Brief In Support of**
**Motion to Dismiss Plaintiff's Complaint**

any "initial communication" to him by Defendants or when Defendants made the initial communication. Plaintiff complains that Defendants did not respond to his March 20, 2012 and May 15, 2012 letters requesting validation, but (1) he does not assert that such letters were within 30-days of any initial communication by Defendants to him, and (2) he does not describe the contents of an initial communication by Defendants to him.[45] Plaintiff does allege that Defendants communicated with him on August 18, 2012; however, Plaintiff does not allege that this was an initial communication, nor does Plaintiff describe the content of the letter other than stating that "MCM did not provide any lawful proof that permission was given to obtain Plaintiff's Transunion consumer reports...."[46] Therefore, any allegations pertaining to the August 18, 2012 letter are devoid of any facts and are merely conclusory statements. Accordingly, Plaintiff's § 1692g claim against Defendants should also be dismissed.

## V. CONCLUSION

As set forth above, none of Plaintiff's claims against Defendants have merit and all should be dismissed at this stage. Therefore, Defendants requests that this court dismiss the Complaint with prejudice.

---

[45] To the extent Plaintiff is attempting to allege that his letters to Defendants is the "initial communication," this argument fails because it is contrary to the purpose of § 1692g. *See Lane v. Fein, Such and Crane, LLP*, 767 F.Supp.2d 382, 387 (E.D.N.Y. 2011) *citing* 15 U.S.C. § 1692 ("Section 1692 provides that the purpose of the statute is 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged'. To impose the obligations of Section 1692g on any debt collector who receives an unsolicited letter from a consumer concerning a debt would, in the Court's view, impose an undue burden on debt collectors who had until then 'refrain[ed] from using abusive debt collection practices'.").

[46] *See* Docket No. 1, ¶ 27.

438174.2

**Defendants' Brief In Support of**
**Motion to Dismiss Plaintiff's Complaint**

Respectfully submitted,

*/s/ Gregg D. Stevens*
Gregg D. Stevens
State Bar No. 19182500
Aimee G. Szygenda
State Bar No. 24027054
McGlinchey Stafford, PLLC
2711 N. Haskell Avenue,
Suite 2750, LB 25
Dallas, Texas 75204
Telephone: (214) 445-2406
Facsimile: (214) 445-2450

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2013, a copy of the above and foregoing has been served upon the Pro Se Plaintiff as follows:

**Certified Mail RRR 7196 9008 9111 5369 2250**
Andrew J. Gonzalez
6015 Siltstone Lane
Apt. #1224
Fort Worth, TX 76137
Pro se Plaintiff

*/s/ Gregg D. Stevens*
Gregg D. Stevens