

CTJ
ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 FEB 25 AM 9: 17

CLERK OF COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| ANDREW J. GONZALEZ<br>*Plaintiff.*<br>v.<br><br>MIDLAND FUNDING L.L.C.<br>*Defendant.*<br><br>MIDLAND CREDIT<br>MANAGEMENT, INC.<br>*Defendant.* | CIVIL ACTION NO. 4:13-CV-00050-A<br><br><s>TRIAL BY JURY DEMANDED</s> |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW the Plaintiff, Andrew J. Gonzalez, who hereby submits his Response in Opposition to Defendant's Motion to Dismiss Complaint and states as follows:

### I. STATEMENT OF FACTS

1. Plaintiff is Andrew J. Gonzalez; Defendants are MIDLAND FUNDING, L.L.C., and MIDLAND CREDIT MANAGEMENT, INC (collectively "Defendants").

2. Plaintiff sued Defendants for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et. seq. and the Fair Debt Collection Practices Act (the "FDCPA") 15 U.S.C. § 1692 et. seq.

3. In February 2012, Plaintiff noticed that Defendants had placed a derogatory account in his Transunion, Experian, and Equifax consumer reports. (Docket No. 1 at ¶15). Plaintiff never received any written notification from Defendants regarding the derogatory

account. On March 20, 2012 and May 15, 2012, Plaintiff sent a letter to Defendant disputing the alleged account. (Docket No. 1 at ¶17). Defendants never responded to Plaintiff's request for validation. (Docket No. 1 at ¶19, ¶22). Defendant continued collection activity by continuing to report the alleged account as accurate to Transunion, Experian, and Equifax consumer reporting agencies. (Docket No. 1 at ¶29, ¶31, ¶34). Defendant MIDLAND CREDIT MANAGEMENT, INC. obtained Plaintiff's Transunion consumer report without a permissible purpose. (Docket No. 1 at ¶23). Plaintiff asserts that there is no account that Plaintiff has that Defendants could possibly review for collection.

4. Defendants have filed a Motion to Dismiss Plaintiff's Complaint.

5. Plaintiff files this response asking the Court to deny Defendant's Motion.

## II. STANDARD OF REVIEW

6. Federal rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face". *Id.* At 570.

7. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe,* 578 F.3d 753, 762

(8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql,* 129 W.Ct. 1937, 1950 (2009).

8. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556.

### III. ARGUMENTS AND AUTHORITIES

9. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.,* 87 F.3d 209, 211(7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

## A. PLAINTIFF HAS ALLEGED SUFFICENT FACTS TO STATE A COGNIZABLE CAUSE OF ACTION AGAINST DEFENDANT MIDLAND CREDIT MANAGEMENT, INC. FOR VIOLATION OF 15 U.S.C. § 1681b.

10. In this case, Plaintiff alleged a cause of action for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b. The elements are:

    a. That Defendant MIDLAND CREDIT MANAGEMENT, INC. obtained Plaintiff's consumer credit report from Transunion on February 01,2011, May 01, 2011, August 01, 2011, September 01, 2011, and February 01, 2012 with no permissible purpose.

    b. That Plaintiff has never had any business dealing or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant, MIDLAND CREDIT MANAGEMENT, INC. that would have given them permissible purpose to obtain Plaintiff's consumer credit report.

    c. That Plaintiff never gave his consent for the Defendant, MIDLAND CREDIT MANAGEMENT, INC. to obtain his consumer credit report from any agency at any time.

11. Plaintiff is not aware of, nor has the Defendant identified <u>AT ANY TIME</u>, what alleged account, if any, the Defendant references in their motion as "giving them permissible purpose" to obtain Plaintiffs consumer credit report and any information to identify whether said alleged account was the type of account as defined in the FCRA that <u>could</u> give the Defendant permissible purpose <u>even if it existed</u>.

12. No information has been provided as to what type of account the Defendant alleges it owns that relates to the Plaintiff. There is no evidence as to whether the alleged account

is the type of account (i.e. asset or demand deposit) that could <u>possibly</u> give the Defendant permissible purpose to obtain Plaintiff's consumer credit report at any time under the FCRA even **IF** it did exist and they did own it.

13. No <u>existence or ownership</u> of **any** account relating to the Plaintiff has been documented and/or established through evidence, in any manner, by the Defendant that could possibly give them permissible purpose to have obtained Plaintiff's consumer credit report. This fact is precisely what the Plaintiff alleges in his claim for statutory damages. Defendant should not be allowed to make an unsubstantiated claim of the existence and ownership of an alleged account and expect the court to dismiss a claim against it as a result.

14. To survive a motion pursuant to a 12(b)(6) motion, a claimant must state "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff sufficiently alleged facts necessary to prove each element of his cause of action and the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff.

## B. PLAINTIFF HAS ALLEGED SUFFICENT FACTS TO STATE A COGNIZABLE CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF 15 U.S.C. § 1681s-2(b).

15. Defendants argue, "Pursuant to § 1681s-2(b), liability for furnishers of information, like Defendants, is limited to instances where the furnisher of information is on notice from a credit reporting agency ("CRA") that the consumer disputes the reported information". Further Defendants argue that Plaintiff fails to assert that the CRAs ever notified Defendants of his dispute and that Plaintiff's allegation that Defendants violated § 1681s-2(b) by not reporting to the credit bureaus that the debt was disputed; such allegation

would be a violation of § 1681s-2(a). Defendants fail to mention that Plaintiff also alleges that Defendants failed to fully and properly investigate Plaintiff's dispute of the MIDLAND FUNDING, L.L.C. and MIDLAND CREDIT MANAGEMENT, INC. representation within Plaintiff's credit. (See Docket No. 1 at ¶54, ¶55, ¶56, ¶57, ¶62, ¶63, ¶64, ¶65). However, the fact that Defendants establish this defense necessarily establishes that Plaintiff may have an alternative claim that the credit reporting agencies breached its statutory duty to notify the Defendants. (See *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010).

16. In this case, Plaintiff alleged a cause of action for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b). The Elements are:

    a. In February 2012, Plaintiff noticed that Defendants placed a derogatory and inaccurate account in Plaintiffs Transunion, Experian, and Equifax consumer reports.

    b. Plaintiff on more than one occasion sent Defendants written communication disputing the alleged account.

    c. Plaintiff sent several written letters to Transunion, Experian, and Equifax consumer reporting agencies disputing the alleged account being reported by Defendants.

    d. Defendants continued to report the erroneous and derogatory account as <u>accurate</u> to Transunion, Experian, and Equifax consumer reporting agencies.

    e. Defendants have never provided Plaintiff any information as to the alleged debt being owed by Plaintiff, despite written requests.

17. Furnishers are required to undertake five enumerated duties upon receipt of a notice that the consumer has disputed the accuracy of completeness of any information provided by that furnisher with a consumer reporting agency. (See 15 U.S.C. § 1681s-2(b)(1)(A) through (E)). Any furnisher who fails to comply with these duties is liable to the consumer in a private cause of action for its negligent or willful noncompliance. (See 15 U.S.C. § 1681n and 1681o). Numerous cases affirm Plaintiff's right to seek relief for violation of these duties. *King v. Equifax Info. Services*, 2005 WL 1667783 (S.D. Tex. July 15, 2005); *Mendoza v. Experian Info. Solutions, Inc.*, 2003 WL 2005832 (S.D Tex. Mar. 25, 2003); *Carlson v. Trans Union, L.L.C*, 259 F. Supp. 2d 517 (N.D. Tex. 2003); *Scott v. AmEx/Centurion*, 2001 WL 1645362 (N.D. Tex. Dec. 18, 2001).

18. Defendants argue that, "Plaintiff fails to assert that the CRAs ever notified Defendants of his dispute. Absent the existence of a dispute notification to Defendants by the CRAs pursuant to § 1681i(a)(2), Plaintiff cannot maintain a FCRA claim against Defendants under the facts allged." In the case of *Kibbie v. BP/Citibank*, 2009 WL 2950365 (M.D. Pa. Sept. 9, 2009); the court found that, finding sufficient pro se plaintiff's complaint despite absence of allegations that the CRAs she notified of her dispute with furnisher had informed the furnisher of the dispute, noting precedent in the Third Circuit that "discovery is generally necessary to evaluate whether a claim actually exists, as the claim may depend upon an act by the credit reporting agency". Plaintiff argues that he has stated enough factual allegations against Defendants to render his claims "plausible".

19. To survive a motion pursuant to a 12(b)(6) motion, a claimant must state "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "the plaintiff must give enough details about the subject matter of the

case to present a story that holds together. In other words, the court will ask itself <u>could</u> these things have happened, <u>not</u> did they happen," *Swanson v. Citibank*, 2010 WL 2977297 (7th Cir. July 20, 2010). Plaintiff sufficiently alleged facts necessary to prove each element of his cause of action and the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff.

### C. THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.

20. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33-34 (2nd Cir. 1996).

### D. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER DEBTORS.

21. The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F.3d 1107, 1117 (20th Cir. 2002).

### E. THE FDCPA IS TO BE INTERPRETED IN ACCORDANCE WITH THE LEAST SOPHISTICATED CONSUMER STANDARD.

22. The FDCPA is to be interpreted "under an unsophisticated or least sophisticated consumer standard." *Gonzales v. Kay*, 577 F. 3d 600, 603 (5th Cir. 2009) (quoting *Goswami v. Am. Collections Enter., Inc.*, 377 F. 3d 488, 495 (5th Cir. 2004); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F. 3d 1232, 1236 (5th Cir. 1997). A court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami v. Am. Collections Enter., Inc.*, 377 F. 3d at 495. "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre idiosyncratic consumer interpretations of collection materials." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F. 3d at 1236.

### F. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

23. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debt by third parties. See 15 U.S.C. § 1692, et. seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of

disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices.

24. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

25. Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply it was designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses

or abuses any debtor, and any false deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 870 F.2d 45 (5th Cir. 1992).

### G. PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO STATE A COGNIZABLE CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF 15 U.S.C. § 1692g

26. Defendants argue that Plaintiff never alleges that he timely disputed the debt, thus Plaintiff has not adequately alleged a violation of section 1692g. Defendants further argue that Plaintiff fails to adequately describe any "initial communication" to him by Defendants or when Defendants made the initial communication. Plaintiff states that he has never received any written communication from Defendants at any time. Plaintiff was not aware of Defendants until his close examination of Transunion, Experian, and Equifax consumer reports in February 2012. When Plaintiff noticed that Defendants reported the alleged account to Transunion, Experian, and Equifax, this should be considered an initial communication with Plaintiff. Plaintiff further argues that if Defendant <u>did</u> send an initial written communication, the failure of Plaintiff to dispute the validity of a debt may not be construed by any court as an admission of liability. 15 U.S.C. § 1692g(c). Defendants argument gives the impression, contrary to this section, that a debt not timely disputed by the Plaintiff would be presumed valid by a court, statements by Defendants deceptively violate the FDCPA. Defendants have previously been found to violate, 15 U.S.C. § 1692g(c). *Velderman v. Midland Credit Mgmt., Inc.*, 2005 WL 2405959 (W.D. Mich. Sept 29, 2005).

### A. The FDCPA Mandates Very Specific Statements That Debt Collectors Must Disclose To Alleged Debtors, And Defendant Has Failed To Comply With The Statute And Is Therefore Liable, As Plaintiff Has Alleged.

27. The FDCPA provides clear and explicit guidance to debt collectors as to disclosures that they are required to give to alleged debtors in, or within five days of, their initial communication:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, **a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing ---**
>
> ***
>
> (4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's **written request** within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g (emphasis added).

28. These requirements for a statement making clear to a consumer that a request for verification of the debt or for the name and address of the original creditor should be in writing are significant, and are not optional. *Grief v. Wilser, Elser, et al.*, 217 F.Supp.2d 336, 340-41 (E.D.N.Y. 2002). These requirements do not depend upon any sort of "bizarre or idiosyncratic" interpretation of what is required under the FDCPA. *Nero v. Law Office of Sam Streeter, P.L.L.C*, 655 F. Supp.2d 200, 206 (E.D.N.Y. 2009). Rather, omissions of such statements are important. *See id.* This is so because, among other

reasons, debt collectors have no duty to honor oral requests. *Id.* Furthermore, verification is triggered only by the consumer writing a letter to the debt collector. *Id; Richeson v. Javitch, Block, et al.*, 576 F.Supp.2d 861, 866-67 (N.D. Ohio 2008). Also significant, a statement explaining that written notice of a dispute is what triggers the debt collector's obligation to provide written verification offers nothing untrue or misleading to the least sophisticated consumer. *See Richeson*, 576 F.Supp.2d at 866.

29. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. *See Pacific Concrete F.C.U. v. Kauanoe*, 62 Haw. 334, 614 P. 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P.3d 807, 96, Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing Authority* 28 Conn. L. Rptr. 371, (Conn. Super. 2000), *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A.2d 1218, 201 Conn. I (1986), and *Solon V.Godbole*, 163 Ill. App. 3d 845, 114 Il1. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). The Defendants never complied with Plaintiff's demands for validation of the alleged debt they were attempting to collect yet continued their collection activities. Defendants continued collection activities by continuing to report the alleged account to Transunion, Experian, and Equifax consumer reporting agencies. (See Docket No. 1 at ¶29, ¶31, and ¶34). **A debt collector verifies a debt by providing information that is responsive to the consumer's request.** See H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At **NO** time did MIDLAND FUNDING, L.L.C. and MIDLAND CREDIT MANAGEMENT, INC. begin to attempt to properly validate the alleged debt as demanded by Plaintiff.

30. Despite these clear mandates, Defendant failed in its initial communication to instruct the Plaintiff that request for validation or for the name and address of the original creditor

should be made in writing. Plaintiff sent Defendants a request for validation of the alleged account only after noticing the derogatory account Defendants reported to Transunion, Experian, and Equifax consumer reports. (See Docket No. 1 at ¶16, ¶17, ¶20). "Without a statement that these requests must be in writing, the least sophisticated consumer is not simply uncertain of his rights under the statute, he is completely unaware of them." *Grief,* 217 F.Supp.2d at 340 (citations omitted). Plaintiff has alleged as much in his complaint, and has accordingly claimed violation by Defendants of 15 U.S.C. § 1692g(a)(1)(3)(4)(5).

## H. PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO STATE A COGNIZABLE CAUSE OF ACTION AGAINST DEFENDANT FOR VIOLATION OF 15 U.S.C. § 1692e 15 U.S.C. § 1692f.

31. Plaintiff has further alleged that Defendant's actions constituted a false representation of the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2) and an unfair and deceptive act in connection with the collection of an alleged debt, in violation of 15 U.S.C. § 1692e(10). These subsections of FDCPA states in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ***
> (2) The false representation of ---
>   (A) the character, amount, or legal status of any debt;
>
> (10) The use of any false representation of deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32. One type of misrepresentation prohibited by this provision is the false representation that a debt exists. This is a misrepresentation of the "character" of a debt. Such

misrepresentations may occur, for example, when collection attempts continue even after consumer informed debt collector of the disputed status of the debt. *See Finnegan v. University of Rochester Med. Ctr.*, 21 F.Supp. 2d 223 (W.D.N.Y. 1998).

33. 15 U.S.C. § 1692e(10), is as broad in scope as the general deception prohibition in the first sentence of section 1692e, like that sentence, it is a "catch-all" provision. Even unsuccessful "attempts" to collect debts by deceptive means are expressly prohibited by this subsection. See *Teemogonwuno v. Todd, Bremer & Larsen, Inc.*, 1991 U.S. Dist. LEXIS 21720 (N. D. Ga. June 13, 1991), In re Eastman, 419 B.R. 711 (Bankr. W.D. Tex 2009).

34. Defendant argues that Plaintiff fails to describe what information Defendants reported to the CRAs, let alone how Defendants reporting was either, "derogatory" or "negative," and Plaintiff alleges no facts to support his claim that Defendants used a false representation or deceptive means to collect or attempt to collect on a debt. Plaintiff has on more than one occasion attempted to contact Defendants via written communication to gain specific details on the alleged account being reported to the Transunion, Experian, and Equifax consumer reports. Defendants never responded to any of Plaintiffs attempts to communicate and continued to report the negative and derogatory account to the consumer reporting agencies. The only information Plaintiff has regarding the alleged account Defendants claim is the information provided by consumer reporting agencies. Plaintiff argues that Defendants action of continuing to report the negative and derogatory account for several months without responding to any written communication from Plaintiff is a deceptive means to collect a debt and false representation of Plaintiff.

35. Plaintiff has further alleged that Defendant's actions constituted unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f. These subsections of FDCPA states in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation:
>
> ***
>
> (1) The Collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

36. Plaintiff further argues that to his knowledge there is no debt that exists that Defendants could possibly collect on. Defendants continued collection attempts by reporting the alleged debt to consumer reporting agencies despite numerous disputes of the debts existence by Plaintiff, Defendants actions are unfair or unconscionable means to collect or attempt to collect the alleged debt. Defendants have <u>never</u> provided any lawful proof that Defendants were authorized to collect on the alleged debt or that the debt exists.

### B. Defendant's Reasons For Noncompliance Are Irrelevant Because The FDCPA Is A Strict Liability Statue.

37. As previously mentioned, the FDCPA is a strict liability statute and "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages". As has been demonstrated, Plaintiff has alleged facts in his complaint that are more than sufficient to state a cognizable claim for violation of these provisions of the FDCPA.

38. Defendants argue that Plaintiff has not provided all evidence material to the allegations made in the complaint is ridiculous. Such evidence is to be presented at trial and is not required to be annexed to the Original Complaint. Plaintiff **again states** "Federal Rule of

Civil Procedure 8(a)(2) requires only "<u>a short and plain statement of the claim showing that the pleader is entitled to relief,</u>" [emphasis added] in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.S. 544, 555, (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "<u>[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations.</u>" [emphasis added] *Id.* At 555. "<u>[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.</u>" [emphasis added] Id. At 570.

## IV. CONCLUSION

39. Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies his burden of pleading under the FDCPA, in addition to the FCRA at this stage. *See Ashcroft v. Iqbal*, 129 S. Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Dismiss Plaintiff's Complaint. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint.

Dated: February 25, 2013

**Respectfully Submitted,**

_____
Andrew J. Gonzalez
6015 Siltstone Lane
Apt#1224
Fort Worth, Texas 76137
(817) 975-5655
gonandrew@yahoo.com

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by United States Postal Service certified mail #7011 3500 0001 0069 2144 to:

Gregg D. Stevens
State Bar No. 19182500
Aimee G. Szygenda
State Bar No. 24027054
McGlinchey Stafford, PLLC
2711 N. Haskell Avenue,
Suite 2750, LB 25
Dallas, TX 75204

_____
Andrew J. Gonzalez, *pro se*
6015 Siltstone Ln.
Apt# 1224
Fort Worth, TX 76137
(817) 975-5655
gonandrew@yahoo.com