IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANDREW GONZALEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:13-CV-50-A |
| | § |
| MIDLAND FUNDING, LLC, ET AL., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the motion of defendants, Midland Funding, LLC ("Midland Funding"), and Midland Credit Management, Inc. ("Midland Credit") (collectively, "defendants"), to dismiss the complaint of plaintiff, Andrew Gonzalez, for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having considered all related filings and applicable legal authorities, the court concludes that the motion should be granted, and the complaint should be dismissed with prejudice.

I.

Background

Plaintiff initiated this action by filing a complaint in this court against defendants, alleging that defendants violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681, by reporting inaccurate information to credit reporting agencies and by obtaining plaintiff's consumer credit report without a permissible purpose.

Plaintiff makes the following factual allegations:

In February 2012, plaintiff obtained his consumer credit reports from the three major consumer reporting agencies: TransUnion, Experian, and Equifax. Plaintiff noticed that defendants "had placed derogatory and inaccurate information" on those reports regarding an alleged account on which the defendants were trying to collect. Compl. at 3. On March 20, 2012, plaintiff sent a letter via certified mail demanding that Midland Credit validate the alleged debt it was trying to collect or that it cease and desist from further collection activity. According to postal records, Midland Credit received the letter on March 23, 2012, but did not respond with any information regarding the letter. Plaintiff sent another letter on May 15, 2012 demanding that both defendants either validate the debt or remove the information from plaintiff's credit report and cease collection activity. According to postal records, defendants received the letter on May 21, 2012, but did not respond with any information regarding the letter.

On February 1, 2011; May 1, 2011; August 1, 2011; September 1, 2011; and February 1, 2012; Midland Credit pulled plaintiff's

TransUnion consumer credit report. On July 26, 2012, plaintiff sent a letter to Midland Credit requesting proof that permission was given to pull the consumer credit report, to which Midland Credit responded in a letter dated August 14, 2012. In the letter, Midland Credit informed plaintiff that it was a debt collector and was attempting to collect a debt from plaintiff. Plaintiff sent dispute letters to all three credit reporting agencies in 2012 regarding the account that was associated with defendants. Defendants continued reporting the "derogatory and erroneous information" on plaintiff's consumer credit reports. Compl. at 5. In October 2012, plaintiff noticed that the information had been removed from his TransUnion report.

II.

Grounds of the Motion

Defendants contend that the complaint should be dismissed because, even liberally construed, the complaint fails to allege facts that can support a plausible claim for relief under FDCPA or FCRA.

III.

Analysis

A. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

3

of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 679. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task

4

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B. Applying the Standards to the Amended Complaint

Proceeding on the basis of the information before the court in plaintiff's complaint, the court finds that plaintiff's allegations for his FDCPA and FCRA claims fall short of the pleading standards and fail to state a claim upon which relief may be granted.

1. FDCPA Claims: Counts I and II

The purposes of FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Plaintiff alleges that defendants violated sections 1692e(2), 1692e(10), and 1692f by "reporting derogatory and negative information" on plaintiff's consumer credit report "without providing proper validation of the alleged debt." Compl. at 7, 8. Plaintiff also alleges that defendants "blatantly violated 15 U.S.C. § 1692g in multiple ways by making a collection demand and not providing the disclosures required in 15 U.S.C. § 1692g(a)(1)(3)(4)(5)." Id. Defendant contends that the complaint fails to set forth any specific facts that can satisfy the elements of any of plaintiff's claims.

5

      a.   <u>Claims Under Sections 1692e and 1692f</u>

Section 1692e of FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>           \*\*\*
>
> (2) The false representation of--
>
> > (A) the character, amount, or legal status of any debt; or
>
> > (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
>           \*\*\*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2), (10). Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and lists specific actions that are considered violations. 15 U.S.C. § 1692f.

Although plaintiff cites the above sections of FDCPA in his complaint, he alleges nothing that could support a theory that defendants made false or misleading representations to him in connection with collecting a debt, or that defendants used unfair or unconscionable means to collect a debt. As far as representations made to plaintiff, the complaint alleges few, if

any, facts that defendants made any representations regarding a debt, much less facts that could be considered false, misleading, or deceptive. The only communication plaintiff alleges he received from either defendant was the August 14, 2012 letter from Midland Credit informing plaintiff that it was a debt collector and that it was trying to collect a debt from plaintiff; there is no allegation that such representation was false, misleading, or deceptive, and plaintiff makes no other specific allegations regarding the content of the letter.

As far as using unfair or unconscionable means to collect a debt, the only allegation plaintiff makes is that defendants reported "derogatory and negative information" on his credit report, but he does not identify what this information is, how defendants went about trying to collect the debt, or anything else that could be construed as unfair or unconscionable conduct under § 1692f.

      b.   <u>Claims Under § 1692g</u>

Next, plaintiff alleges that defendant made a collection demand without providing proper disclosures, in violation of § 1692g. Section 1692g provides:

(a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

7

(1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

15 U.S.C. § 1692g(a)-(b). To summarize, § 1692 establishes a scheme in which, once a debt collector directs an "initial communication" to a consumer, the debt collector then has five days to communicate in writing to the consumer certain of the consumer's rights concerning the debt. Among the things that the debt collector must include in this writing is that, if the consumer contests the debt within thirty days, the debt collector will send verification of the debt. Subsection (b) then provides that, if a consumer timely takes advantage of this right to challenge the debt, the debt collector must cease its efforts to collect the debt until it has sent verification of that debt to the consumer. If an initial communication does not take place, the thirty-day time frame to challenge the debt does not begin to run. See Lane v. Fein, Such & Crane, LLP, 767 F. Supp.2d 382, 387 (E.D.N.Y. 2011). Also, a debt collector is not required under § 1692g to respond by letter to a consumer's letter of dispute; the debt collector must only cease collection activity until verification is obtained. Bashore v. Resurgent Capital Servs., LP, 452 F. App'x 522, 524 (5th Cir. 2011).

Plaintiff fails to allege any facts that can show there was ever an initial communication by defendants to plaintiff, and does not allege that he responded to any such communication within a thirty-day period. It appears that plaintiff may believe that his unsolicited letter demanding validation from

9

defendants qualifies as an initial communication under § 1692g; however, the initial communication is an attempt by the debt collector to collect a debt, not an attempt by a consumer to challenge a debt. The Lane court, noting the purpose of FDCPA to "eliminate abusive debt collection practices," determined that "[t]o impose the obligations of Section 1692g on any debt collector who receives an unsolicited letter from a consumer concerning a debt would . . . impose an undue burden on debt collectors who had until then 'refrain[ed] from using abusive debt collection practices.'" Lane, 767 F. Supp.2d at 387. This court agrees, and finds that the complaint fails to allege an initial communication that could have triggered the remaining requirements of § 1692g, and thus fails to state a claim for a violation under § 1692g against either defendant.

2. FCRA Claims: Counts III-IX

Counts III and IV of the complaint allege that defendants violated sections 1681s-2(b) by continuing to represent information to the credit reporting agencies, by "failing to accurately respond" to the credit reporting agencies, and by failing to correct their internal records to prevent reporting the representations. Counts IV through IX all pertain to the allegations that Midland Credit obtained plaintiff's TransUnion consumer credit reports on various dates without a permissible

purpose, both willfully and negligently, in violation of § 1681b(f).

    a.   <u>Claims Under § 1681s-2(b)</u>

Section 1681s-2(b) involves the duties of furnishers of information upon a notice of dispute from a credit reporting agency, and provides:

(1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

  (A) conduct an investigation with respect to the disputed information;

  (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

  (C) report the results of the investigation to the consumer reporting agency;

  (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

  (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information.

15 U.S.C.A. § 1681s-2(b). This section applies when furnishers of information, in this case both defendants, have been notified by a credit reporting agency that a consumer is disputing a debt.[1] For a consumer to state a claim under §1681s-2(b), he must allege that a consumer reporting agency such as Equifax or TransUnion had actually notified the furnisher of information that the debt was disputed. See Young v. Equifax, 294 F.3d 631, 639 (5th Cir. 2002) (notice from the credit reporting agency "is necessary to trigger the furnisher's duties under section 1681s-2(b)."). The complaint contains no allegation that the credit reporting agencies notified defendants about a disputed debt regarding plaintiff or about the information that was listed on plaintiff's consumer credit report. Because plaintiff fails to allege any facts that can support an essential element of his claim under § 1681s-2(b)--that defendant had ever received notice from the credit reporting agencies pursuant to § 1681i(a)(2)--plaintiff cannot state a claim for violations of § 1681s-2(b).

    b.   <u>Claims under § 1681b</u>

Plaintiff alleges that Midland Credit obtained his TransUnion consumer credit report on approximately five different occasions without a permissible purpose, in violation of § 1681b(f). Midland Credit contends that the complaint does not

---

[1] Section 1681i(a)(2), cited in § 1681s-2(b)(1), provides that a credit reporting agency, within five days of receiving notice of a dispute from a consumer, must notify the furnisher of the information of the dispute.

12

allege facts that can support a claim under § 1681, and that the allegations actually indicate that Midland Credit had a permissible purpose in obtaining plaintiff's consumer credit report.

Under FCRA, a debt collector or collection agency may access a consumer's credit report for a permissible purpose, and it has such a permissible purpose if it "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). See also Norman v. Northland Group, Inc., 495 F. App'x 425 (5th Cir. 2012). Plaintiff alleges that defendants lacked a permissible purpose for obtaining his consumer credit report because "[t]here was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report." Compl. at 13, ¶ 73. However, the complaint also alleges that "[t]he only reason" that Midland reported information to the credit reporting agencies "was to attempt to collect on alleged debt." Id. at 5-6, ¶ 35. There is no requirement under FCRA that a consumer establish an account with a debt collector for the debt collector to obtain a consumer credit report for collection purposes. See Norman, 495 F. App'x at 425. The complaint alleges no other facts to support plaintiff's contention that defendants lacked a permissible

purpose for accessing his credit reports. Thus, between plaintiff's failure to allege adequate facts and plaintiff's own allegations that defendants were reviewing his account in regards to a debt, plaintiff has not stated a claim under FCRA, and his claims should be dismissed.

## IV.

### Order

Therefore,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff against defendants be, and are hereby, dismissed with prejudice.

SIGNED March 29, 2013.

_____
JOHN McBRYDE
United States District Judge